# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| UNITED STATES and STATE OF TEXAS ) *ex rel.* DANIEL W. ELLIOTT, M.D., ) and LISA A. MINSLOFF, M.D., ) ) *Plaintiffs*, ) ) v. ) ) SOUTHEAST TEXAS MEDICAL ) ASSOCIATES, LLP, *et al.*, ) ) *Defendants*. ) | Civil Action No. 2:20-cv-00132-JRG |

**TEXAS'S STATEMENT OF INTEREST IN RESPONSE TO DEFENDANTS' MOTIONS TO DISMISS**

The State of Texas files this Statement of Interest to address certain misstatements of Texas law, and respectfully shows as follows.

**I. Introduction**

This *qui tam* action was filed under seal by Drs. Elliot and Minsloff ("Relators") on April 29, 2020, alleging violations of the Texas Medicaid Fraud Prevention Act[1] ("TMFPA") and the (federal) False Claims Act[2] ("FCA") in connection with Defendants' participation in the Medicare and Medicaid programs. Following an investigation, the United States and the State of Texas notified the Court of their decisions to not intervene,[3] and the complaint was unsealed and served. Thereafter, several Defendants filed motions to dismiss that misstate the proper analysis a court should undertake when reviewing TMFPA allegations.[4] Texas files this Statement to correct those misstatements.

Even though it previously declined to intervene, Texas retains an interest in this matter because it is entitled to a portion of any proceeds awarded to Relators, and because the State has an

---

[1] TEX. HUM. RES. CODE § 36.001 *et seq.*

[2] 31 U.S.C. § 3729 *et seq.*

[3] Docket Entry No. ("DE") 50.

[4] *See* DE 56 (Baptist Hospital's MTD); DE 58 (Holly's MTD); DE 62 (SETMA's MTD); DE 63 (OnPoint Lab's MTD). Texas makes no comment on Defendant Steward Health Care System's MTD, DE 61, since it does not address Texas law.

ongoing interest in ensuring the consistent and correct interpretation of the TMFPA.[5]

There are three issues that Texas seeks to address. First, the Court should reject Defendants' mistaken assertion that the TMFPA claims "fail for the same reasons"[6] that the FCA claims fail because, as explained below, federal courts must independently evaluate liability under the TMFPA according to its plain language and Texas law, without reliance on any separate analysis of related FCA claims. Second, the Court should reject any suggestion that TMFPA liability requires a specific intent to defraud the government.[7] And third, the Court should reject any suggestion that all TMFPA allegations require presentment of a false claim[8] because none of the TMFPA unlawful acts alleged here require the submission of a false claim.[9]

## II. This Court Must Evaluate the TMFPA Claims Independently from the FCA Claims.

After arguing for dismissal of the FCA claims, Defendants mistakenly assert that Relators' TMFPA allegations should "fail for the same reasons" as the FCA claims. The Court should reject the argument, as the Texas Supreme Court and the Fifth Circuit have done, because it ignores significant and material differences between the two statutes. As explained below, the Court should separately analyze the TMFPA and FCA claims, according to the plain language of each statute.

---

[5] TEX. HUM. RES. CODE § 36.110(a-1) (defining the State's and relator's share of proceeds in declined cases). Texas's decision to decline intervention is not a comment on the merits of the case. *See id.* at § 36.104 (State's declination is merely notice of the State's decision not to intervene). Moreover, the TMFPA allows the State to intervene in an action, even though it previously declined to do so, upon a showing of good cause. *Id.* at § 36.104(b-1).

[6] DE 62 at p. 27; *see also* DE 56 at p. 6; DE 58 at p. 6; DE 63 at p. 14.

[7] *E.g.*, DE. 62 at pp. 23, 27 (arguing that because Relators failed to plead "a specific intent to defraud the government," their "state law claims . . . should therefore be dismissed"); DE 58 at p. 23 (same); DE 63 at pp. 12, 14 (same).

[8] *E.g.*, DE 58 at p. 23 ("Relators have failed their burden to particularly allege a presentment claim, false records, claim, reverse false claim, or conspiracy claim against Dr. Holly, and all claims (including the tag-along state law claims) against him should therefore be dismissed.").

[9] DE 2 at pp. 60-64.

### A. The Plain Language of the TMFPA and FCA is Materially Different

Although the TMFPA and the FCA target similar conduct, there are significant and material differences in the language and the proper application of the two statutes. In particular, although the FCA violations alleged by Relators (Counts 1 – 4) may require proof of a "false" claim as an element of liability, none of the TMFPA violations alleged by Relators (Counts 5 – 8) contain this requirement.[10] That material difference alone, one of many between the statutes, compels the Court to make independent evaluations of the claims under each statute.

In moving the Court to simply dismiss the TMFPA claims "for the same reasons"[11] as it dismisses the FCA claims, Defendants not only ignore the statutory plain language, they also invite the Court to commit error. For example, a dismissal of an FCA allegation for failure to adequately plead presentment would provide no basis, standing alone, for a court to summarily dismiss an attendant allegation under the TMFPA for "fail[ing] to disclose information that permits a person to receive"[12] an unauthorized benefit, as Relators allege under Count 6.[13]

Because the plain language of the TMFPA differs from that of the FCA, the elements required to establish liability under each are different.[14] As such, the Court should not rely on its FCA analysis as the sole basis for dismissing a TMFPA claim, and instead conduct an independent analysis of the allegations raised under each statue.

### B. The Texas Supreme Court Expressly Rejected Defendants' "Fail for the Same Reasons" Argument and Their Attempts to Apply an FCA Analysis to TMFPA Claims.

When analyzing state law claims, federal courts apply the law that would be applied by the

---

[10] *See* TEX. HUM. RES. CODE §§ 36.002(1), 36.002(2), 36.002(5), and 36.002(13).

[11] Note 6, *supra*.

[12] TEX. HUM. RES. CODE § 36.002(11).

[13] DE 2 at p. 61.

[14] *In re Xerox Corp.*, 555 S.W.3d 518, 535 (Tex. 2018).

highest court of that state.[15] The Texas Supreme Court in *In re Xerox* acknowledged the differences between the plain language of the TMFPA and the FCA and expressly rejected Defendants' "for the same reasons" argument:

> Though the parties make comparisons to analogous federal and state fraud-prevention acts as it suits their arguments—including the federal False Claims Act, the Social Security Act's Civil Monetary Penalties Law, and similar false-claims or Medicaid-fraud statutes enacted by thirty-two state and local jurisdictions—these comparisons are not probative. These statutes, while similar in aim and tactic, employ materially different language, and the language of our statutes controls the outcome here.[16]

Other federal courts have also rejected Defendants' "for the same reasons" argument. In *United States ex rel. Govindarajan v. Dental Health Programs, Inc.*, the court explained that the scope of the TMFPA "reach[es] a broader range of false or fraudulent conduct less closely tied to the Medicaid claim submission process" than the FCA does.[17] The *Dental Health Programs* court expressly acknowledged the Texas Supreme Court's pronouncement that "the TMFPA's plain language controls with respect to claims brought under [the TMFPA]," and then analyzed the TMFPA and the FCA allegations separately.[18] Likewise, the Fifth Circuit recently held that "TMFPA claims differ in scope from FCA claims."[19]

Simply put, any attempt to dismiss the TMFPA claims "for the same reasons" as the FCA claim should be rejected because, as both the Texas Supreme Court and the Fifth Circuit have held, there are material and significant differences between the plain language of the statutes that compel the Court to conduct separate and independent analyses.

---

[15] *Howe ex rel. Howe v. Scottsdale Ins. Co.*, 204 F.3d 624, 627 (5th Cir. 2000).

[16] *Xerox*, 555 S.W.3d at 535.

[17] *United States ex rel. Govindarajan v. Dental Health Programs, Inc.*, No. 3:18-cv-00463-E, 2020 WL 3064712, at *7 (N.D. Tex. June 8, 2020) (brackets in original).

[18] *Id.* at **7-14.

[19] *United States ex rel. Jacobs v. Walgreen Co.*, No. 21-20463, 2022 WL 613160, at *2 (5th Cir. Mar. 2, 2022), cert. denied sub nom. *Jacobs v. Walgreen Co.*, No. 21-1517, 2022 WL 4651850 (U.S. Oct. 3, 2022).

**III.    The TMFPA Does Not Require That a Person Acted With "Specific Intent"**

Turning to the second misstatement, Defendants have urged the court to read "specific intent" into the scienter element of a TMFPA claim.[20] The Court should reject that argument because, as the plain language of the TMFPA makes clear, "[p]roof of the person's specific intent to commit an unlawful act under Section 36.002 is not required."[21] Defendants cannot read an element of scienter into the TMFPA that was not expressed by the Legislature, and this Court should reject any suggestion to the contrary.

**IV.    The TMFPA Causes of Action Do Not Require the Submission of False Claims**

Turning to the third misstatement, Defendants erroneously contend that each of Relators' TMFPA causes of action should be dismissed because Relators failed to allege the "presentment" of "false records."[22] The Court should reject that argument because, as is again evident in the plain language of the statute, the TMFPA defines the unlawful acts alleged here without regard to whether a defendant presented a false claim. For example, Count Six alleges a violation of TMFPA Section 36.002(2), which states that a person commits an unlawful act if the person:

> "[K]nowingly conceals or fails to disclose information that permits a person to receive a benefit or payment under the Medicaid program that is not authorized or that is greater than the benefit or payment that is authorized." TEX. HUM. RES. CODE § 36.002(2).

Count Seven alleges violation of TMFPA Section 36.002(5), which states that a person commits an unlawful act if the person:

> "[E]xcept as authorized under the Medicaid program, knowingly pays, charges, solicits, accepts, or receives, in addition to an amount paid under the Medicaid program, a gift, money, a donation, or other consideration as a condition to

---

[20] Note 7, *supra*.

[21] TEX. HUM. RES. CODE § 36.0011(b).  The sole requisite scienter of a TMFPA claim is that a person acted knowingly. *Id* at 36.0011(a).

[22] DE 58 at p. 23 ("As such, Relators have failed their burden to particularly allege a presentment claim [or] false records . . . claim against Dr. Holly, and all . . . state law claims . . . should therefore be dismissed.").

the provision of a service or product or the continued provision of a service or product if the cost of the service or product is paid for, in whole or in part, under the Medicaid program." TEX. HUM. RES. CODE § 36.002(5).

Neither of these unlawful acts require the submission of a false claim, and any argument to the contrary is without support in the plain language of the TMFPA.

In short, there is no support for Defendants' contention that Relators' TMFPA allegations require presentment of a false claim. This Court should reject any argument to the contrary, and apply the plain language of the unlawful acts at issue.

## VI. CONCLUSION

For the reasons set forth above, the Court should conduct an independent analysis of Relators' TMFPA claims according to the plain language of the statute that is separate from its analysis of the FCA claims.

Respectfully Submitted,

**Angela Colmenero**
Provisional Attorney General

**Brent Webster**
First Assistant Attorney General

**Grant Dorfman**
Deputy First Assistant Attorney General

**James Lloyd**
Acting Deputy Attorney General for Civil Litigation

**Elizabeth J. Brown Fore**
Chief for Civil Medicaid Fraud Division

/s/ *Craig M. Jacobs*
**Craig M. Jacobs**
Assistant Attorney General
Texas State Bar No. 24078726
Craig.Jacobs@oag.texas.gov

**Lynne Kurtz-Citrin**
Assistant Attorney General
Texas State Bar No. 24081425
Lynne.Kurtz-Citrin@oag.texas.gov

Office of the Attorney General
Civil Medicaid Fraud Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 475-4196
Facsimile: (512) 320-0667

**ATTORNEYS FOR THE STATE OF TEXAS**

**CERTIFICATE OF SERVICE**

I certify that on August 25, 2023, a true copy of the foregoing was served via the Court's ECF system to all counsel of record.

/s/ *Craig M. Jacobs*
Craig M. Jacobs