IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| UNITED STATES and STATE OF TEXAS *ex rel.* DANIEL W. ELLIOTT, M.D. and LISA A. MINSLOFF, M.D., <br><br>*Plaintiff*, <br><br>v. <br><br>SOUTHEAST TEXAS MEDICAL ASSOCIATES, LLP, *et al.*, <br><br>*Defendant*. | § § § § § § § § § § § § <br><br> CIVIL ACTION NO. 2:20-CV-000132-JRG |

## ORDER

Before the Court is a Motion to Transfer this case to the Eastern District of Texas – Beaumont Division pursuant to 28 U.S.C. § 1404(b) ("Motion to Transfer"), brought by Defendants Southeast Texas Medical Associates, LLP ("SETMA"); Steward Health Care System LLC; OnPoint Lab, L.L.C.; Baptist Hospitals of Southeast Texas ("Baptist Hospital"); Muhammad Aziz, M.D.; James Holly, M.D.; Mary Castro, M.D.; Vijay Kumar, M.D.; Michael Thomas, M.D.; Syed Anwar, M.D.; Caesar Deiparine, M.D.; Ronald Palang, M.D.; Absar Qureshi, M.D.; and Dean Halbert, M.D. ("Physician Defendants" and collectively with SETMA, Steward, OnPoint, and Baptist Hospital, "Defendants"). Having considered the Motion, the subsequent briefing, and for the reasons stated herein, the Court is of the opinion that the Motion should be **GRANTED**.

I.   **BACKGROUND**

This is a *qui tam* case brought by Relators Daniel W. Elliott, M.D. and Lisa A. Minsloff, M.D. ("Relators") against Defendants. Relators were employed by Defendant SETMA in Beaumont, Texas, between 2015 and 2017. (Dkt. No. 59 at 2.) This suit arises from alleged events that occurred in Beaumont during the time of Relators' employment with SETMA. (*Id.*)

Defendants SETMA, Baptist Hospital, and the Physician Defendants are all located in Beaumont. (*Id.* at 1-2.) Relators have since relocated to the Dallas area. (*Id.* at 8); (Dkt. No. 67 at 12.)

## II.     LEGAL STANDARDS

The transfer of matters between divisions of the same District is covered by 28 U.S.C. § 1404(b) which provides, in relevant part, that "[u]pon motion, consent or stipulation of all parties, any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district." 28 U.S.C. § 1404(b).  In the Fifth Circuit, courts consider the same factors for intra-district transfers made under Section 1404(b) as for inter-district transfers under Section 1404(a). *In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013). However, while the analysis may mirror that applicable to inter-district transfers, "the district court has broad discretion in deciding whether to transfer a civil action from a division in which it is pending to any other division in the same district." *Sundell v. Cisco Systems Inc.*, 1997 WL 156824, at *1 (5th Cir. 1997).

Courts evaluating motions to transfer pursuant to Section 1404(b) look to (1) whether the case could have been properly brought in the forum to which transfer is sought, and (2) whether transfer would promote the convenience of the parties and witnesses and the interests of justice. *Id*. at 287-288.  In making the convenience determination, courts consider both "private" and "public" interest factors, none of which are given dispositive weight. *In re Volkswagen of Am., Inc.* (*Volkswagen II*), 545 F.3d 304, 315 (5th Cir. 2008) (*en banc*).  The "private" interest factors include: (1) "the cost of attendance for willing witnesses;" (2) "the relative ease of access to sources of proof;" (3) "the availability of compulsory process to secure the attendance of witnesses;" and (4) "all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG* (*Volkswagen I*), 371 F.3d 201, 203 (5th Cir. 2004) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)).  The "public" interest factors include:

2

"(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [in] the application of foreign law." *Id*.  These factors are to be decided based on "the situation which existed when suit was instituted." *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960).

A case should be transferred upon a showing that a venue is "clearly more convenient." *Volkswagen II*, 545 F.3d at 315. The burden to prove that a case should be transferred for convenience falls on the moving party. *Id.*

### III. DISCUSSION

The parties do not dispute that venue would be proper in either Marshall or Beaumont. Accordingly, this Motion turns entirely on "whether transfer would promote the convenience of the parties and witnesses and the interests of justice." *In re Radmax*, 720 F.3d at 287-88.

Defendants argue that virtually all private and public interest factors weigh in favor of transferring this case to Beaumont. (Dkt. No. 59 at 6-9.) Specifically, nearly every defendant is located in Beaumont, all conduct at issue in this case occurred in Beaumont, most (if not all) of the documentary evidence for this case is likely to be stored in Beaumont, and most witnesses are likely to come from Beaumont. (*Id.*) Additionally, Defendants reputation in the Beaumont area has been called into question, and thus there is a local interest in having the matter decided in Beaumont. (*Id.* at 9.)

Relators argue that Marshall is the most convenient forum because it provides a "central location" between the parties. (Dkt. No. 67 at 1.) Relators argue that some evidence and witnesses (including Relators themselves) may come from the Dallas area. (*Id.* at 8-10.) Marshall provides a semi-equidistant "middle ground" that does not prejudice any one party more than another. (*Id.* at

3

10-13.) Relators also request that if the case is transferred, the presiding judicial officer should remain on the case. (*Id.* at 15.)

The Court agrees with Defendants. Weighing the private and public interest factors, and considering the undisputed facts in this case, the Court is of the opinion that the case should be transferred to Beaumont.

Overall, transferring this case to Beaumont will significantly reduce the travel time for the witnesses, and it will allow a Beaumont jury to resolve a dispute concerning events that took place in Beaumont between Beaumont Defendants and their former Beaumont employees. Trying this case in Beaumont will require travel for *some* witnesses, while trying this case in Marshall will require travel for *all* witnesses. Further, no documentary evidence is stored in Marshall, while some (if not most) documentary evidence is stored in Beaumont. While some weight should be given to Relators' choice of venue, virtually all facts in this case are tied to Beaumont. No facts tie this case to Marshall outside of Relators' choice of venue.

Relators have also requested that the presiding judicial officer retain the case. The Court finds this is not necessary for the interest of justice and the judicial economy. Accordingly, the Court declines this request.

IV. **CONCLUSION**

For the reasons stated herein, the Court **GRANTS** Defendants' Motion to Transfer (Dkt. No. 59.) Accordingly, it is **ORDERED** that this case be **TRANSFERRED** to the Eastern District of Texas – Beaumont Division.

**So ORDERED and SIGNED this 1st day of September, 2023.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE